The CLARION CORPORATION, Plaintiff-Appellant,

v.

AMERICAN HOME PRODUCTS CORPORATION and Lehman Brothers, Defendants-Appellees.

No. 71–1447.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1972.

Decided June 30, 1972.

Rehearing Denied Aug. 9, 1972.

Paul J. Klein, Chicago, Ill., for plaintiff-appellant.

William R. Jentes, Roger B. Harris, Lionel G. Gross, Chicago, Ill., for appellees Richard F. Watt, John M. Bowlus

and Russell Woody; Altheimer, Gray, Naiburg & Strasburger, Chicago, Ill., of counsel.

Bryson P. Burnham, Thomas B. McNeill, Mayer, Brown & Platt, Chicago, Ill., for defendant-appellee American Home Products Corporation.

Before SWYGERT, Chief Judge, PELL, Circuit Judge, and LARAMORE,* Senior Judge.

PER CURIAM.

This is an appeal by the Clarion Corporation from a decision of the United States District Court for the Northern District of Illinois, Eastern Division, Honorable William J. Lynch, Judge, presiding. Said decision, rendered by Order dated March 16, 1971, adjudged plaintiff, the Clarion Corporation, liable for attorneys' fees in the amount of $17,707.44. In addition to the appeal from the March 16 Order plaintiff appeals from the Order of the District Court, entered April 8, 1971, denying plaintiff's motion for reconsideration of the Order of March 16, 1971. As for both appeals it is our decision to affirm the District Court.

The facts of this dispute indicate that the true conflict hereinafter resolved exists not between Clarion and American Home Products plus Lehman Brothers, as the title of the case indicates, but instead between the Clarion Corporation and the attorneys for Clarion. Those attorneys, members of the Chicago law firm of Cotton, Watt, Jones, King & Bowlus, represented the Clarion Corporation in the action originally filed as the name appears in the case heading. That original case, a breach of contract suit, was started in the Federal District Court because of the diversity of citizenship between Clarion and the named defendants. Therefore, since the case was originally instituted as The Clarion Corporation v. American Home Products and Lehman Brothers it continues to bear the same name even though the case, as it now stands, is one for collection of attorneys' fees and wholly unrelated to the case as originally filed.

The phase of the case herein decided is based upon a state statute which provides for an attorney's lien upon the claims which may be placed in the hands of an attorney. See, Illinois Revised Statutes, 1969, chapter 13, section 14. There is no question, however, that a Federal District Court may adjudicate the attorney's fee question pursuant to the lien created by said statute (see, Peresipka v. Elgin, J & E Ry. Co., 231 F.2d 268 (7th Cir. 1956)); the theory being that if the original action has a proper basis for Federal jurisdiction then any recovery achieved by that suit creates an attachable interest upon which the attorney may assert his claim for fees. In this case such an interest was created when the original defendants offered, and the plaintiff accepted, a settlement of all pending claims for the sum of $490,000 payable in annual installments of $35,000 for 14 years.

Following the acceptance by plaintiff of the settlement offer, additional difficulties arose. In essence, those difficulties were that plaintiff's president felt that the attorneys, appellees in this case, had not properly handled the conduct of Clarion's case against American Home Products and Lehman Brothers. He felt this way notwithstanding his total acceptance of the settlement offer in the original case and it was only subsequent to the oral agreement for settlement that plaintiff's president objected to the attorneys' method of handling the case. Consequently, objections now raised by plaintiff's president (who has acted in this phase of the case without counsel) which are directed mainly to the proceedings prior to settlement, have no relevance to the appeal from the District Court's orders pertaining to attorneys' fees. Plaintiff's president has not presented to this court or the District Court any valid reason why the lien im-

---

* Senior Judge Don N. Laramore of the United States Court of Claims is sitting by designation.

posed upon the first installment of the settlement proceeds should not be enforced. Indeed, the only defense offered by plaintiff in regard to the claim for attorneys' fees is that the case for Clarion against American and Lehman was not handled properly; and yet, as indicated earlier, when the settlement was offered, plaintiff accepted the terms and conditions thereof without objection.[1] Thus, this court has no choice but to affirm the decision of the lower court. Moreover, even if we were free to go back into the original case and scrutinize the conduct of plaintiff's attorneys, we would reach the identical conclusion. However, since plaintiff accepted the settlement without objection or appeal, and because he has appealed only the lower court's decision as to the enforcement of the lien, we must affirm the District Court.

Pursuant to state statute, the appellees' attorneys filed their verified petition for an adjudication of their rights in connection with the attorneys' lien. The petition was before the District Court on two separate occasions, at which the plaintiff's president was present. On neither occasion were the allegations of the petition controverted or denied. There was no denial of the retainer agreement referred to in the petition nor was it controverted that the attorneys performed the services alleged therein. Although the plaintiff's president at the last of the two hearings did deny that the plaintiff owed the claim, none of the specific facts alleged in the claim was controverted. Since there were no issues of fact which could have been the subject of any hearing, the District Court properly ruled that the attorneys' lien should be enforced in the amount requested, which amount the court found to be reasonable for the services rendered.

For the foregoing reasons, we affirm the judgment of the District Court.

---

1. The plaintiff's original case was settled by way of the District Court's Order of February 8, 1971, whereby the action was reinstated and dismissed with prejudice. Such action was taken pursuant to the Motion of American Home Products and Lehman Brothers and was unobjected to by plaintiff or its president. Moreover, there is no appeal from that Order.