VICTORIA L. McGILL, Plaintiff-Appellant, v. JOSE A. GARZA *et al.*, Defendants (Friedman and Solmor, Appellee).

First District (4th Division)    No. 1—06—3027

Opinion filed December 13, 2007.

Elliot R. Zinger & Associates, of Chicago (Elliot R. Zinger, of counsel), for appellant.

Friedman & Solmor, Ltd., of Chicago (Jeffrey D. Skly, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Victoria McGill appeals an order of the circuit court granting appellee Friedman & Solmor's *quantum meruit* petition, which sought reimbursement for legal services rendered to McGill. Defendants Jose A. Garcia, Warehouse Direct, Inc., Matthew J. Lennert and Franks Mechanical Contractors are not parties to this appeal.

The record discloses the following facts. In December 2002, plaintiff filed suit against defendants for negligence relating to an automobile collision (the Garcia suit). Plaintiff retained Friedman & Solmor (F&S) to represent her in the Garcia suit under a contingency fee contract.

On October 14, 2005, F&S filed a motion for leave to withdraw. The motion stated that the case had a pending trial date of November 15, 2005. The motion alleged that plaintiff and counsel were unable to resolve differences fundamental to the successful litigation of the case. The motion also alleged that F&S feared the attorney-client relationship had broken down.

On October 17, 2005, plaintiff filed a complaint against F&S with the Attorney Registration and Disciplinary Commission (ARDC). In the complaint, plaintiff alleged that attorney Gary Friedman informed her on September 26, 2005, that he was withdrawing from the Garcia suit because he did not want to spend the money to take the case to trial and did not think he would make any money from a trial. The ARDC complaint also alleges that on September 30, Friedman reiterated that he was withdrawing from the case if plaintiff did not take a settlement. Plaintiff further alleged that F&S had done no preparation for trial.

On November 4, 2005, the circuit court granted F&S's motion to withdraw. On November 10, 2005, plaintiff retained new counsel. The circuit court ultimately set the Garcia suit for trial on January 9, 2006. At trial, the jury found in favor of plaintiff, awarding $186,000 in damages, reduced by $20,000 for a settlement between plaintiff and one of the defendants.

Shortly thereafter, F&S notified plaintiff's counsel that an attorney's lien had been sent to plaintiff. On March 7, 2006, plaintiff filed a motion to adjudicate the lien. Following briefing and a hearing on the subject, the trial court denied plaintiff's petition and allowed

F&S to collect fees on a *quantum meruit* basis. The trial court granted F&S's fee petition on August 26, 2006, allowing fees and costs in the amount of $20,561.45. This appeal followed.

Plaintiff argues that the circuit court erred in granting F&S's *quantum meruit* claim, in particular the court's finding that F&S had good cause to withdraw as counsel based on the filing of the ARDC complaint. F&S initially responds that this court lacks jurisdiction because plaintiff's notice of appeal specifies the court's August 26, 2006, order granting the fee petition, rather than the May 15, 2006, order finding that F&S had good cause to withdraw as counsel.

■ Pursuant to Supreme Court Rule 303(b)(2) (155 Ill. 2d R. 303(b)(2)), when an appeal is taken from a specified judgment, the appellate court acquires no jurisdiction to review other judgments or parts of judgments not specified or inferred from the notice of appeal. See, *e.g.*, *In re J.P.*, 331 Ill. App. 3d 220, 234 (2002). The exception to this rule is when a nonspecified judgment can be said to have been a " ' "step in the procedural progression leading" ' " to the judgment specified in the notice of appeal; in that instance, a nonspecified judgment may be reviewed because it can be said to relate back to the judgment specified in the notice of appeal. See *In re D.R.*, 354 Ill. App. 3d 468, 472 (2004), quoting *In re F.S.*, 347 Ill. App. 3d 55, 69 (2004), quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434-35 (1979).

■ In this case, the good-cause finding was clearly a step in the procedural progression leading to the granting of the fee petition. Indeed, the good-cause finding was a necessary prerequisite to awarding F&S fees and costs in *quantum meruit*. Accordingly, this court has jurisdiction to consider the merits of plaintiff's argument.

A "trial court has broad discretionary powers in awarding the attorney fees sought and its decision will not be reversed unless the court has abused its discretion." *Wildman, Harrold, Allen & Dixon v. Gaylord*, 317 Ill. App. 3d 590, 595 (2000); see also *Pitts v. Holt*, 304 Ill. App. 3d 871, 872 (1999); *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 984 (1987). An abuse of discretion occurs when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view. *People v. Illgen*, 145 Ill. 2d 353, 364 (1991). An application of impermissible legal criteria also justifies reversal. *Boatmen's National Bank of Belleville v. Martin*, 155 Ill. 2d 305, 314 (1993).

■ Generally, where a client fires an attorney retained under a contingent fee contract, the contract is held to no longer exist, so that the attorney cannot seek compensation under the terms of the nonexistent contract. *Leoris & Cohen, P.C. v. McNiece*, 226 Ill. App. 3d

591 (1992). However, at least three appellate court cases have held that a contingent fee contract does not automatically bar an attorney who withdraws from a case from receiving compensation for legal services under a *quantum meruit* theory.

In *Reed Yates Farms, Inc. v. Yates*, 172 Ill. App. 3d 519 (1988), the court held that the attorney was entitled to *quantum meruit* compensation even though he withdrew as the attorney for plaintiffs and even though he was employed under a contingent fee contract, because he withdrew for good cause. The *Yates* court ruled that the attorney was justified for withdrawing from the case because the client refused to pay past-due retainer fees within a reasonable time after the attorney demanded that the fees be paid. *Yates*, 172 Ill. App. 3d at 527. As a separate, justifiable basis for withdrawing, the court held that because the client had filed a disciplinary action against the attorney, the attorney was entitled to withdraw from the case on that basis as well and still receive a *quantum meruit* award of attorney fees. *Yates*, 172 Ill. App. 3d at 528.

In *Leoris & Cohen*, the court held that a complete breakdown in the attorney-client relationship, if proven, is a justifiable basis for allowing an attorney to withdraw from a contingent fee case and still receive his fees on a *quantum meruit* basis. *Leoris & Cohen*, 226 Ill. App. 3d at 597.

In *Kannewurf v. Johns*, 260 Ill. App. 3d 66, 72-73 (1994), this court held that the attorney was entitled to reasonable compensation where he voluntarily withdrew for the sole reason that the clients did not agree to accept a reasonable settlement offer or negotiate as the attorney thought best. *Quantum meruit* has also been held applicable in cases where a law firm has been discharged after the client rejected a settlement. *Wegner v. Arnold*, 305 Ill. App. 3d 689, 693-96 (1999); *Susan E. Loggans & Associates v. Estate of Magid*, 226 Ill. App. 3d 147 (1992); *In re Estate of Murphy*, 56 Ill. App. 3d 1037 (1978).

In this case, similar to *Kannewurf*, it is clear that F&S moved to withdraw based on a fundamental disagreement over whether to accept the settlement offer in the Garcia suit. Also, similar to *Yates*, the client here filed an ARDC complaint against the firm, which is further evidence of a breakdown in the attorney-client relationship that justified the circuit court granting the motion to withdraw by F&S.

■ Plaintiff relies on cases from other jurisdictions holding that the failure of the client to accept a settlement offer does not constitute just cause for a withdrawing attorney to collect fees. See *Augustson v. Linea Aerea National-Chile S.A. (LAN-Chile)*, 76 F.3d 658, 663 (5th Cir. 1996) (and cases cited therein). However, cases from other jurisdictions are persuasive only when Illinois courts have not passed upon

the particular point in issue. *E.g.*, *Addison State Bank v. National Maintenance Management, Inc.*, 174 Ill. App. 3d 857, 860-61 (1988). This is particularly true, where—as here—a circuit or appellate court is called upon to consider questions of professional conduct related to an attorney's ability to collect fees while also recognizing our supreme court's exclusive and plenary jurisdiction over attorney disciplinary matters. See, *e.g.*, *Lustig v. Horn*, 315 Ill. App. 3d 319, 325-28 (2000). Accordingly, this court adheres to this court's prior decision in *Kannewurf*, which allows the withdrawing attorney or firm to recover the value of the services provided in *quantum meruit* under the circumstances presented in this case.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'BRIEN and MURPHY, JJ., concur.