NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 27, 2007[*]
Decided May 30, 2008

**Before**

Daniel A. Manion,  *Circuit Judge*

Terence T. Evans,  *Circuit Judge*

Diane S. Sykes,  *Circuit Judge*

| | |
|---|---|
| No. 06-3775 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| Maria Henry Vance, | |
| *Plaintiff-Appellee,* | |
| | No. 02 C 8249 |
| v. | |
| | **Joan Humphrey Lefkow**, *Judge*. |
| Robert E. Gallagher, Sr., and Shirley J. Gallagher, as Successor Trustee of the Maria Henry Vance Trusts Numbers 1, 2 and 3, | |
| *Defendants.* | |
| | |
| Appeal of: | |
| Commercial Mediation Group, P.A, | |
| *Intervenor*. | |

---

[*] Although oral argument was originally scheduled in this case, the appellant moved to waive oral argument. The court granted this motion, and the appeal is submitted on the briefs and records.

**O R D E R**

Maria Vance and her attorney, Darryl Brown, entered into an "Attorney/Client Contingency Agreement" that set forth a fee schedule and other terms that would govern Brown's representation of Vance in litigation involving various trusts.  Before the litigation was completed, Vance terminated Brown, and the successor of Brown's law firm, Commercial Mediation Group, brought a claim for attorney's fees under the quantum meruit theory.  The district court awarded Commercial Mediation Group a quantum meruit recovery of $946,078.16.  Commercial Mediation Group appeals.

I.

Maria Henry Vance brought suit in Florida state court against Robert E. Gallagher Sr. and Shirley Gallagher (collectively the "Gallaghers") for breach of fiduciary duty regarding their handling of various trusts of which Vance was the sole beneficiary. The Florida case was dismissed on October 16, 2002.  Vance filed a second suit in the Northern District of Illinois on November 17, 2002. The district court had diversity jurisdiction over the suit because Vance is a citizen of Florida, the Gallaghers are citizens of Illinois, and the amount in controversy exceeded $1 million.

Vance was represented by attorney Daryl Brown at Brown, Clark, Christopher & DeMay, PA ("Brown Clark").  Brown continued to represent Vance when he left Brown Clark to start his own firm, Brown & Morgan in 2004. On May 15, 2004, Brown and Vance entered into an "Attorney/Client Contingency Agreement" ("Agreement"). Among other things, the Agreement stated that any claim or controversy resulting from the Agreement would be resolved by arbitration in Sarasota, Florida, and Florida law would apply to the interpretation of the Agreement. The agreement also provided a fee schedule, and the contingent fee was as follows:

(i)     Forty (40%) percent of the first $3,000,000.00;
(ii)    Thirty-three and one-third (33 1/3%) percent of the amount recovered from $3,000,000.00 to $5,000,000.00;
(iii)   Twenty-five (25%) percent of the amount recovered from $5,000,000.00 to $10,000,000.00; and
(iv)    Twenty (20%) percent of all monies recovered over $10,000,000.00.

Around April 6, 2005, and before the cessation of litigation in the district court, Vance terminated Brown. Commercial Mediation Group ("CMG"), the successor of Brown's firm, filed a "Notice of Charging Lien and Assignment of Interests" with the district court, seeking recovery of attorney's fees and costs incurred by Brown. Specifically, the charging lien stated:

> 1. An express agreement dated May 14, 2004 ("Agreement") for payment of an [sic] attorney's fees and costs exists between B&M [("Brown and Morgan")] and Maria Vance ("Vance.")
>
> 2. Vance has breached this Agreement by not paying costs and expenses to B&M on a monthly basis, as required by said Agreement.
>
> 3. Because of that breach, B&M's claim for attorney's fees is one based in *quantum meruit*, and is not for less than (but is not necessarily limited to) an hourly rate.
>
> . . .
>
> 6. B&M and its successor is [sic] entitled to a lien against any and all amounts recovered by Vance in this cause, in an amount equal to the reasonable value of B&M's services rendered, and all costs advanced on her behalf.

Nowhere in the charging lien did CMG assert a breach of contract claim. In the meantime, Vance and the Gallaghers settled her claims that were before the district court.

After Vance and the Gallaghers reached a settlement, the Gallaghers filed a motion to adjudicate and void CMG's lien; Vance joined this motion. CMG then filed a motion to intervene. The district court granted CMG's motion to intervene, exercising supplemental jurisdiction over CMG's claim for attorney's fees pursuant to 28 U.S.C. § 1367(a). In its brief in support of its request for attorney's fees and costs, CMG once again did not seek damages based on a breach of contract claim, but stated that it was "asking [the district court] to award it a fee of $4,176,697, the agreed-upon fee, on a *quantum meruit* basis, plus costs (with interest) of $411,627, for a total of $4,588,323."

(emphasis added). The district court determined that Illinois law should apply and voided CMG's charging lien. The district court awarded CMG $946,078.16 pursuant to Illinois quantum meruit law.[2] In entering that award, the district court rejected CMG's request for eighteen percent interest on expenses incurred during Vance's representation concluding that CMG waived any right to immediate reimbursement by not insisting that Vance reimburse CMG for the expenses as incurred and because the fees and expenses did not become due until the entry of the order awarding such. The district court denied CMG's motion for reconsideration, and CMG appeals.

II.

On appeal, CMG challenges the district court's exercise of jurisdiction over the attorney's fees asserting that pursuant to the Agreement the matter should be decided by a Florida arbitration proceeding applying Florida law. CMG also contends that the district court improperly denied it an award of contractual interest. We will address each of these arguments in turn, starting with the threshold issue of jurisdiction.

This court reviews a district court's decision regarding subject matter jurisdiction de novo. *Burke v. Johnson*, 452 F.3d 665, 667 (7th Cir. 2007). The determination of attorney's fees arising out of the litigation, and sought out of the proceeds of the settlement fund resulting from the same litigation, falls within the ambit of the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299-1301 (7th Cir. 1995); *Clarion Corp. v. Am. Home Prods. Corp.*, 464 F.2d 444, 445 (7th Cir. 1972). *See generally Abbott Labs. v. CVS Pharmacy, Inc.*, 290 F.3d 854, 858 (7th Cir. 2002). CMG's claims for attorney's fees are connected to the underlying action between Vance and the Gallaghers over which the court has diversity jurisdiction. The efforts and activities for which the fees were sought occurred during the course of Brown's representation of Vance during part of the settled action. Therefore it was within district court's discretion to exercise supplemental jurisdiction over CMG's claims pursuant to 28 U.S.C. § 1367.

---

[2]After filing its notice of appeal, CMG and Vance filed a motion seeking release of the escrow funds held in connection with the underlying action. The district court ordered the release of the funds, and CMG collected the nearly $1 million award from the released funds.

CMG also contends that the district court erred by not applying Florida law to its claims. We review a district court's application of choice of law principles de novo. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006). Federal district courts exercising diversity jurisdiction "must apply the choice of law principles of the forum state to determine which state's substantive law governs the proceeding." *Id.* Illinois generally follows the Restatement (Second) of Conflict of Laws in making choice of law decisions. *Morris B. Chapman & Assocs., Ltd. v. Kitzman*, 739 N.E.2d 1263, 1269 (Ill. 2000). In order to apply the proper choice of law principles, we must first ascertain the nature of CMG's claims. Under both Florida and Illinois law, when an attorney and a client enter into a fee agreement, if the client terminates the attorney, the contract ceases to be operative. In that instance, the attorney may recover fees for his services under the equitable theory of quantum meruit. *See Rosenberg v.* Levin, 409 So.2d 1016, 1021 (Fla. 1982); *Hallowes v. Bedard*, 877 So.2d 953, 957 (Fla. Dist. Ct. App. 2004); *Levitt-ANSCA Towne Park P'ship v. Smith & Co., Inc.*, 873 So.2d 392, 395-96 (Fla. Dist. Ct. App. 2004); *In re Estate of Callahan*, 578 N.E.2d 985, 987 (Ill. 1991); *Kannewurf v. Johns*, 632 N.E.2d 711, 717 (Ill. App. Ct. 1994). Thus, in this case because Vance terminated Brown before his rights under the Agreement accrued, whether under Florida or Illinois law, CMG may no longer seek to recover fees under the contract, but rather must proceed under the theory of quantum meruit. That is precisely what CMG did by asserting quantum meruit, and not breach of contract, in both its charging lien and motion for fees.

Because a quantum meruit claim sounds in restitution rather than contract, we look to the restitution section of the Restatement to evaluate whether Florida or Illinois law should be applied to CMG's claim. *Overseas Dev. Disc Corp. v. Sangamo Constr. Co.*, 686 F.2d 498, 510-11 (7th Cir. 1982). The restitution section provides that the law of the state with the most significant contacts governs. The following contacts should be considered in making this assessment:

> (a) the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship,
> (b) the place where the benefit or enrichment was received,
> (c) the place where the act conferring the benefit or enrichment was done,
> (d) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

> (e) the place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 221(2).

Vance and Brown formed their client-attorney relationship in Florida, where they are both residents. Their affiliation was directed toward Illinois. That is, they formed their relationship so that Vance could acquire the trust proceeds located in Illinois. Brown and Vance were enriched through the relationship in both Florida and Illinois, but primarily in Illinois where they engaged in litigation in federal court. Because Vance and Brown formed their relationship for the purpose of securing funds in Illinois and did so through the federal court located in Illinois, the district court properly determined that under Illinois choice of law principles, Illinois law applied to the adjudication of CMG's fee claim.

CMG also argues that the district court erred by not enforcing the Agreement's forum selection clause establishing that disputes be arbitrated in Florida. CMG's invocation and reliance upon the Agreement is misplaced. CMG did not assert a breach of contract claim in its "Notice of Charging Lien and Assignment of Interests," but rather asserted a claim for fees based on quantum meruit. Moreover, because Vance terminated CMG, the only basis for its recovery of fees is quantum meruit. *In re Estate of Horwitz*, 863 N.E.2d 842, 846-47 (Ill. App. Ct. 2007) (citing *In re Estate of Callahan*, 578 N.E.2d 985, 987 (Ill. 1991)). Moreover, even if CMG was entitled to assert a claim under the Agreement, CMG sought recovery of the fees in an Illinois court, thereby waiving its right under the contract to have a Florida tribunal adjudicate its claim. *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1337 (7th Cir. 1992) ("Waiver of a contractual provision may be established by conduct indicating that strict compliance

with the provision will be not be required . . . .").[3] Accordingly, the district court did not err by not enforcing the Agreement's forum selection clause.

Finally, CMG challenges the district court's refusal to award CMG interest on Vance's past-due invoices as set forth as part of the fee arrangement in the Agreement. Specifically, CMG contends that the district court attempted to rewrite the Agreement, which provided for interest charges and improperly concluded that CMG waived its right to the recovery of interest. This court reviews a district court's award of attorneys' fees for an abuse of discretion. *Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 760 (7th Cir. 2005). As we previously have noted, "[o]ur review of the amount of fees awarded is highly deferential to the district court: [i]f ever there were a case for reviewing the determinations of a trial court under a highly deferential version of the 'abuse of discretion' standard, it is in the matter of determining the reasonableness of the time spent by a lawyer on a particular task in a litigation in that court." *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007) (internal citation and quotation omitted). As noted above, under Illinois law, once a client terminates his attorney, the contract into which the attorney and client entered ceases to exist. *In re Estate of Callahan*, 578 N.E.2d 985, 990 (Ill. 1991). At that juncture, based on quantum meruit, the determination of the amount of attorney's fees is based on, among other things, the knowledge and skill of the attorney, the hours reasonably expended, the management of the case, and the customary fee in the community. *Id.*

We note that CMG does not assert that the district court abused its discretion, but rests solely on the position that the Agreement applied and the district court failed to interpret and apply the Agreement in awarding CMG fees. Just as with its forum selection argument, CMG's claim fails because CMG was not proceeding under a breach of contract theory, but rather relied upon the doctrine of quantum meruit. As set forth above, the court applies market principles to ascertain the amount of recovery to which an attorney is entitled under quantum meruit. Even if CMG did not waive its rights to interest under the Agreement, CMG does not assert that interest is customarily

---

[3]CMG contends that it was merely responding to the district court's "mandate" when it "intervened to defend the validity of its charging lien." CMG's contention ignores the fact that CMG filed the charging lien in the first instance and two weeks before it initiated suit in a Florida state court. With the filing of its charging lien, CMG interjected itself into this action when it could have pursued its remedy solely through the Florida state court.

paid on such fees. In fact, CMG provides no justification for interest as part of its fee award other than that the Agreement provides for interest. Further, as the district court noted in its order denying CMG's motion for reconsideration,

> CMG's willingness to incur substantial costs and expenses on Vance's behalf with no expectation of immediate reimbursement is evidence of its certainty of Vance's recovery. And the fact that it continued to incur extraordinary costs and expenses on her behalf despite knowing that under [the Agreement] she would be responsible for 18% interest in the event of late payment, strongly suggests that CMG sought to use [the interest section of the Agreement] as a revenue stream. Under those circumstances, regardless of whether CMG's continued representation in the face of Vance's non-payment amounts to a waiver, an award of any interest on costs and expenses incurred on Vance's behalf is unwarranted.

In light of these considerations, the district court did not abuse its discretion in awarding CMG nearly $1 million in attorneys' fees, without interest for costs. *See Westchester Fire Ins. Co. v. Gen. Star Indem. Co.*, 183 F.3d 578, 585 (7th Cir. 1999).

III.

The district court had supplemental jurisdiction to consider CMG's claim for attorney's fees from Vance because those fees arose out of the litigation and settlement before the district court. In exercising jurisdiction, the district court did not err in applying Illinois law to CMG's quantum meruit claim or by refusing to enforce the forum selection clause of the Agreement which was no longer operative. Finally, the district court did not abuse its discretion in denying CMG's claim for interest on costs as provided in the Agreement. Accordingly, we AFFIRM.