■ IRVING SCHACHTER, Appellant, v CITIBANK, N. A., Respondent. [597 NYS2d 453] —In an action to recover damages for a breach of fiduciary obligations, the plaintiff appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated January 28, 1991, which (1) granted the defendant's motion to dismiss the complaint, and (2) denied his cross motion for leave to enter a default judgment.

Ordered that the order is affirmed, with costs.

The plaintiff had invested in certain "portfolios" managed by the defendant Citibank, N. A. In his complaint, the plaintiff alleged that, on October 19, 1987, he telephonically instructed an employee of the defendant to transfer all of his investment funds out of these "portfolio accounts" and into a money market account. He asserted that the defendant had a duty to execute this directive "diligently" and "promptly".

In support of its motion to dismiss the complaint, the defendant Citibank, N. A., produced documentary evidence which showed that the plaintiff knew or should have known, prior to having made his investment, that the value of the assets held in the portfolio accounts would be determined "as of the close of the New York Stock Exchange on each day in which the Exchange is open for trading". The defendant had no duty to depart from the terms of its prospectus merely because the plaintiff's telephone call, made at approximately 10:10 A.M. on October 19, 1987, had been preceded by a relatively sharp decline in the stock market. The defendant

executed the plaintiff's instructions in accordance with the prospectus and the plaintiff had no legal right to insist on preferential treatment.

We therefore agree with the Supreme Court that the plaintiff's complaint is wholly without merit. The plaintiff's claim that reversal is required because the decision of the Supreme Court was "corrupt", is both novel and patently meritless, as are the remainder of his arguments (see, CPLR 2101 [f]; 2001). Bracken, J. P., Miller, O'Brien and Pizzuto, JJ., concur.