■ RONALD H. BACKER et al., as Executors of WILLIAM BACKER, Deceased, Respondents, v SCHENECTADY TRUST COMPANY et al., Appellants. [628 NYS2d 197] —Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 29, 1994 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint.

This action arises out of defendants' March 1987 purchase of $202,550 worth of allegedly unsound and speculative utility company stocks on behalf of William Backer (hereinafter decedent). Decedent died in June 1991 and his sons, the executors of his estate, were substituted as plaintiffs. The complaint alleges that defendants' actions in recommending and causing decedent to authorize the imprudent investments constituted a breach of fiduciary responsibility, breach of contract and negligence. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendants appeal.

We reverse. The evidence presented on the motion established that decedent opened a "Discretionary Investment Management Account" with defendant Trustco Bank of New York (formerly defendant Schenectady Trust Company) on December 12, 1983. Under the terms of the instrument executed in connection with establishment of the account, Trustco was granted broad authority to invest and reinvest decedent's funds as it deemed fit, without first consulting decedent. However, in November 1984 decedent transferred all of the assets to a "custody account", assumedly to take advantage of significantly lower commission rates. In sharp contrast to the December 1983 instrument, the contract Trustco and decedent signed in November 1984 granted Trustco no discretion to select investments; rather, it provided that Trustco was to purchase securities and investments "in such manner as [decedent] shall from time to time direct".

As for the purchase of the securities at issue in this action, defendant Peter A. Zakriski, head of Trustco's trust division at the time, testified that decedent approached him in March 1987 and expressed his desire to buy some "utilities" in order to improve his yield, stating that such a purchase had been recommended by his sons. According to Zakriski, he advised decedent that Trustco was not a purchaser of utility stocks and tried to discourage decedent from making the purchase, recommending bonds instead. Because decedent pressed the matter, however, Zakriski supplied decedent with a copy of a list of recommended stocks prepared by Provident National Bank, which contained a section on utility stocks. The following day, decedent returned and directed the purchase of four stocks he had selected from the list. Notably, Zakriski testified that he did not, on that or any other occasion, give decedent any investment advice.

In opposition to defendants' motion, plaintiffs have come forward with no evidence contradicting the foregoing. Instead, they rely upon irrelevant or unsupported conclusions and a number of innocuous or, at most, ambiguous factors in support of the claim that factual issues exist concerning (1) the existence and nature of the contractual or other relationship between decedent and defendants, (2) whether it was decedent's idea to purchase the stocks or whether the advice and encouragement came from Zakriski, (3) whether, because of his relationship with defendants and his advanced age and deteriorated mental condition, Trustco owed decedent a fiduciary duty, and (4) if a fiduciary or other duty existed, whether Trustco breached that duty when it recommended purchase of the speculative stocks.

In our view, neither evidence of decedent's long-standing relationship with and high regard for Trustco, his lack of prior investment experience or expertise, nor his advanced age and deteriorating health support the contention that there may have been a contractual or other relationship between decedent and Trustco beyond that explicitly expressed in the November 1984 custody account agreement (*see, Schachter v Citibank*, 193 AD2d 593; *Ferer & Sons v Chase Manhattan Bank,*, 731 F2d 112, 122; *Olmeca v Manufacturers Hanover Trust Co.*, 629 F Supp 214, 222-223). The use of the language "recommended purchases" on the form documents evidencing and effecting the order for the subject stocks strikes us as probative of nothing. In fact, if any significance can be attributed to the use of the phrase, we believe it reinforces defendants' position by emphasizing the fact that decedent initiated ("recommended")

the order. Plaintiffs having failed to come forward with any competent evidence to support their theory that Zakriski affirmatively recommended the subject stocks or that defendants otherwise owed decedent any duty beyond that expressed in the November 1984 contract, Supreme Court should have granted the motion and dismissed the complaint.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.