■ SHIRLEY BRIONES et al., Respondents, v BSC SECURITIES CORP., Appellant and Third-Party Plaintiff-Appellant. NATIONAL CLEANING CONTRACTORS, INC., Third-Party Defendant-Respondent. [637 NYS2d 390] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered July 27, 1995, which, *inter alia*, denied defendant and third-party plaintiff BSC Securities Corp.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The failure of the proponent of a motion for summary judgment to establish a prima facie entitlement to such relief requires the denial of that motion, regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). BSC failed to establish its entitlement to summary judgment by producing admissible proof that plaintiff's cause of action has no merit, since the admission by defendant BSC's own witness, William Moss, that the metal mailbox in question was not secured to either the table upon which it stood or to the wall in any manner, created a triable issue of fact as to whether BSC had created the dangerous condition, negating BSC's argument that it had no actual or constructive notice of the allegedly dangerous condition (*Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 126-127).

We have considered defendant and third-party plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.