BETTY JEAN PRYOR AND RUTHIE PRYOR, AS GUARDIAN AD LITEM FOR CORRY L. PRYOR, MINOR, PLAINTIFFS v. DAVID F. MERTEN, SAUNDRA SHUMATE, AND JANE DOE, DEFENDANTS

No. COA96-1483

(Filed 7 October 1997)

**1. Judgments § 224 (NCI4th)— discharged attorney—quantum meruit fee claim—not barred by res judicata**

A discharged attorney's quantum meruit claim for a portion of the contingent fee collected by the attorney who settled a personal injury case was not barred by res judicata since the discharged attorney was neither a party to the lawsuit nor in privity with one of the parties; he was not given notice of the settlement or given an opportunity to be heard with respect to his quantum meruit interests; and the quantum meruit issue has never been litigated.

**2. Attorneys at Law § 62 (NCI4th)— discharged attorney— quantum meruit fee claim against settling attorney**

An attorney who, before being discharged, performed significant services for clients in a contingent fee relationship in a personal injury action may recover quantum meruit attorney fees from the settling attorney by a motion in the cause. To require the

discharged attorney to proceed against his former clients would unfairly require them to pay attorney fees in excess of the contingency fee to which they agreed.

### 3. Attorneys at Law § 62 (NCI4th)— discharged attorney— quantum meruit fee claim—not barred by laches

A discharged attorney's quantum meruit claim to recover a portion of the contingent fee received by the settling attorney in a personal injury action was not barred by laches where the discharged attorney filed his claim only weeks after the settlement and only one week after he learned of the settlement; the discharged attorney did not have a statutory right to intervene in the case; the filing of an attorney's lien before the settlement would have been premature; and the settling attorney was not prejudiced by any delay.

Appeal from order entered 26 March 1996 and reconsidered 25 June 1996 by Judge F. Gordon Battle in Orange County Superior Court. Heard in the Court of Appeals 26 August 1997.

This action involves a dispute over distribution of attorney's fees. The underlying action here arose from an injury to the minor plaintiff that occurred on 13 September 1991. To represent them the plaintiffs hired attorney Pamela Hunter, who associated appellant Lawrence U. Davidson, III, to assist in the case. In September 1992, plaintiffs terminated Hunter and Davidson, and hired attorney Chris M. Clemens of the Wisconsin Bar to pursue their claim. On 9 September 1994, Clemens associated the Law Offices of Grover C. McCain, Jr. to serve as local counsel. Appellee William R. Hamilton, an attorney in the McCain law offices, filed suit on behalf of plaintiffs against defendants on 12 September 1994. Hamilton filed an amended complaint on 25 October 1994.

On 13 February 1995, Hamilton received a settlement offer from defendants for $250,000. Hamilton communicated this offer to plaintiffs, who authorized Hamilton to accept the offer on 18 February 1995. On 20 February 1995, plaintiffs changed their mind and informed Hamilton of their decision to reject the offer. On 24 February 1995, plaintiffs terminated "all the lawyers associated with the Corry Pryor case" by facsimile to attorney Clemens in Wisconsin. Attorney Davidson was rehired by plaintiffs and was substituted as counsel of record.

PRYOR v. MERTEN

[127 N.C. App. 483 (1997)]

On 10 March 1995, Hamilton provided Davidson with medical records and copies of files and advised him in writing that McCain Law Offices had incurred out-of-pocket expenses of $3,119.19 in pursuance of the claim. Hamilton asserted at the hearing on his "Motion in the Cause" that he also orally notified Davidson of their desire to protect their quantum meruit interests, and orally asked Davidson and David Ward, attorney for defendants, to notify him in the event a settlement was reached.

On 6 February 1996, a settlement was reached. During a settlement hearing, the court approved the settlement, the distribution of attorney's fees, and payment of expenses. The hearing did not address any quantum meruit interest that Hamilton may have had, nor did Davidson notify the court that $3,119.19 of the requested expenses were for Hamilton. The lawsuit was voluntarily dismissed with prejudice and the file was sealed. On 22 February 1996, Davidson mailed a check to Hamilton for $3,119.19 for his out-of-pocket expenses.

On 29 February 1996, Hamilton filed his "Motion in the Cause" seeking award of quantum meruit attorney fees. After a hearing on 25 March 1996, the trial court awarded Hamilton and the Law Offices of Grover C. McCain, Jr. $20,000 of the $91,666 contingent fee collected by Davidson. Davidson filed a Motion for Reconsideration and a Motion for a More Specific Order on 1 April 1996. Both motions were denied 3 June 1996. Davidson appealed.

*Lawrence U. Davidson, III, for appellant.*

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr. and William R. Hamilton, for defendant-appellees.*

EAGLES, Judge.

[1] Appellant argues that the trial court did not retain jurisdiction to hear the quantum meruit proceedings and that appellee's claim was barred by res judicata. The case at bar was dismissed with prejudice by the plaintiffs pursuant to the settlement agreement. Davidson argues that a dismissal with prejudice gives rise to the doctrine of res judicata, and is effective not only as to the immediate parties, but also as to their privies. *Johnson v. Bolinger*, 86 N.C. App. 1, 8, 356 S.E.2d 378, 383 (1987) (citing 9 Wright & Miller, Federal Practice and Procedure, § 2367, p. 185-86 (1971)). Davidson accordingly contends

that res judicata deprived the trial court of jurisdiction and is a bar to further action. Hamilton asserts that res judicata does not apply because he was not a party in the underlying case, and he was never given notice of the minor's settlement hearing or an opportunity to be heard. Accordingly, Hamilton contends that his claim has never been litigated. See *Batch v. Town of Chapel Hill*, 326 N.C. 1, 387 S.E.2d 655 (1990).

"The essential elements of res judicata are: '(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.' " *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135, 337 S.E.2d 477, 482 (1985) (quoting *Hogan v. Cone Mills Corp.*, 63 N.C. App. 439, 442, 305 S.E.2d 213, 215 (1983)).

Res judicata does not bar Hamilton's action. Hamilton was neither a party to the lawsuit nor in privity with one of the parties. He was not given notice of the settlement, nor given an opportunity to be heard with respect to his quantum meruit interests. Accordingly, the issue has never been litigated and res judicata is not a bar to further action.

[2] We next consider whether Hamilton's claim for quantum meruit attorney's fees must be asserted in a separate civil suit against his former client rather than against Davidson by motion in this cause. Davidson argues that because Hamilton had been discharged from the case prior to final judgment, Hamilton's right to the judgment was limited to the $3,119.19 actually advanced on behalf of his clients, which was paid. Davidson contends that after Hamilton was fired, Hamilton could proceed in a quantum meruit action only against his former clients for attorney's fees. Davidson relies on *Mack v. Moore*, 107 N.C. App. 87, 418 S.E.2d 685 (1992) (citing *Covington v. Rhodes*, 38 N.C. App. 61, 247 S.E.2d 305 (1978), *disc. rev. denied*, 296 N.C. 410, 251 S.E.2d 468 (1979)).

Hamilton argues that he performed a significant amount of work in the underlying case and is entitled to a quantum meruit recovery. However, he asserts that it would be unjust to have more than the one-third contingency fee, already paid, taxed against the handicapped minor child and his family. Hamilton also argues that it would be unfair to allow unjust enrichment of Davidson by allowing him to retain the entire fee, when Davidson was not the sole force in obtaining a settlement.

North Carolina has not addressed the issue of whether an attorney, who before being discharged performed significant services for a client in a contingent fee relationship, may recover from the settling attorney in quantum meruit. Other courts have addressed and resolved the issue. *Joye v. Heuer*, 813 F.Supp. 1171 (D.S.C. 1993) (court approved of a quantum meruit distribution of the fees among the attorneys in direct proportion to the hours worked in the case); *see also Potts v. Mitchell*, 410 F.Supp. 1278 (W.D.N.C. 1976) (discharged attorney's quantum meruit recovery was granted from funds being held as the contingency fee). We find these federal decisions persuasive and accordingly we conclude the trial court properly allowed the quantum meruit action by Hamilton to proceed. To require Hamilton to proceed against party plaintiffs would unfairly require plaintiffs to pay attorney's fees in excess of the one-third contingency fee to which they agreed. *See Covington*, 38 N.C. App. at 65, 247 S.E.2d at 308. We believe the more equitable result is to allow the discharged attorney to proceed against the new attorney for the prior attorney's rightful share of the total attorney's fees. Accordingly, this assignment of error is overruled.

**[3]** Davidson argues next that Hamilton should be equitably estopped from raising the quantum meruit action and that Hamilton's claim is barred by laches. Davidson claims that Hamilton unjustly delayed in giving notice of his equitable claim and that he relied to his detriment on Hamilton's failure to make the claim known. Davidson notes that when Hamilton sent his letter outlining his costs, he made no mention of a claim for attorney's fees. Davidson argues that he reasonably relied on the letter when he petitioned the court for costs. Davidson also argues that Hamilton did not give notice of his intentions by intervening during the course of litigation. Davidson finally argues that the amount of Hamilton's fee should be determined independently of what Davidson was awarded as attorney's fees, because it would be unfair to adjust Davidson's award to accommodate Hamilton's fee. We are not persuaded.

"The defense of laches will bar a claim when the plaintiff's delay in seeking a known remedy or right has resulted in a change of condition which would make it unjust to allow the plaintiff to prosecute the claim." *Cieszko v. Clark*, 92 N.C. App. 290, 297, 374 S.E.2d 456, 460 (1988). "The doctrine of laches, however, is not based upon mere passage of time; it will not bar a claim unless the delay is (i) unreasonable and (ii) injurious or prejudicial to the party asserting the defense." *Id* (citing *Taylor v. City of Raleigh*, 290 N.C. 608, 461 S.E.2d 576 (1976)).

Hamilton is not barred by laches from seeking quantum meruit recovery. First, he did not have a statutory right to intervene. G.S. 1A-1, Rule 24; *Howell v. Howell*, 89 N.C. App. 115, 365 S.E.2d 181 (1988). Second, Hamilton could not file for an attorney's lien before the settlement hearing because such a filing would have been premature. "A charging lien is not available until there is a final judgment or decree to which the lien can attach." *Id.* at 117, 365 S.E.2d at 183 (citing *Dillon v. Consolidated Delivery, Inc.*, 43 N.C. App. 395, 258 S.E.2d 829 (1979); *Covington*, 38 N.C. App. at 61, 247 S.E.2d at 305.). Third, Hamilton asserts that he gave oral notice of his quantum meruit interest to Davidson, and filed his claim only weeks after the settlement conference, and only one week after he learned of the settlement. Hamilton's delay was reasonable under the circumstances. Finally, Davidson has shown no prejudice from any purported delay by Hamilton in filing the motion in the cause. *See Harris & Gurganus, Inc. v. Williams*, 37 N.C. App. 585, 246 S.E. 2d 791 (1978). Accordingly, Hamilton's claim is not barred by laches.

The order granting a quantum meruit award of attorney's fees is affirmed.

Affirmed.

Judges MARTIN, John C., and TIMMONS-GOODSON concur.