■ RUTHMAN, MERCADANTE & HADJIS, P.C., Appellant-Respondent, v KATHRYN O'K. NARDIELLO, Individually and as Executor of DONALD A. NARDIELLO, Deceased, Respondent-Appellant. [791 NYS2d 665]—

Cardona, P.J. (1) Cross appeals from an order of the Supreme Court (Sheridan, J.), entered December 22, 2003 in Essex County, which determined that plaintiff was entitled to an award of counsel fees in quantum meruit, (2) appeal from an order of said court, entered February 17, 2004 in Essex County, which set plaintiff's fee in quantum meruit, (3) cross appeals

from the judgment entered thereon, and (4) cross appeals from an order of said court, entered June 4, 2004 in Essex County, which awarded plaintiff interest on the judgment and denied both parties costs.

As detailed in this Court's prior decisions (see 288 AD2d 593 [2001]; 260 AD2d 904 [1999]; see also Nardiello v Stone, 235 AD2d 681 [1997]), the underlying action herein was commenced by plaintiff to recover legal fees allegedly owed by defendant, Kathryn O'K. Nardiello, and her late husband[1] (hereinafter collectively referred to as the Nardiellos) pursuant to a June 1993 retainer agreement. Plaintiff was retained to recover certain assets of Adirondack Network Systems, Inc. (hereinafter ANS) after ANS defaulted on an agreement to pay for its purchase of the assets of WIRD, Inc., a radio broadcasting corporation owned by the Nardiellos.[2] The agreement provided, among other things, that plaintiff would commence "any and all proceedings which they may deem advisable . . . against any person or firm as required to recover the capital stock certificates representing ownership in [ANS]; or cause the recovery of all assets of ANS in any legal manner, and/or recover damages sustained by [the Nardiellos]." The retainer further specified that, if successful, plaintiff would be entitled to one third of the value of the assets recovered.

Thereafter, plaintiff instituted a CPLR article 76 proceeding against ANS's shareholders seeking to compel delivery of ANS's shares of stock. While this proceeding eventually forced the ANS shareholders to deliver their shares of stock, the shareholders had previously obtained a conversion of their bankruptcy proceeding from a chapter 11 reorganization to a chapter 7 liquidation, essentially rendering the stock certificates valueless. In order to prevent this liquidation, the law firm of Cooper, Erving, Savage, Nolan & Heller (hereinafter the Cooper firm), which had been hired by the Nardiellos to represent their interests in the bankruptcy proceeding, successfully moved to reconvert the matter to chapter 11 and aided the Nardiellos in having an amended plan of reorganization confirmed. In June 1994, through the efforts of the law firm of Tierney & Swift (hereinafter the Tierney firm), hired by the Nardiellos to handle matters before the Federal Communications Commission (hereinafter FCC), the FCC approved the transfer and assignment of the radio station licenses to the Nardiellos. Thereafter, all of the

---

**1.** Defendant's husband passed away in 1997 and she was thereafter substituted as the executor of his estate in the subject legal proceedings.

**2.** WIRD was, inter alia, the owner, operator and licensee of two broadcast radio stations.

outstanding shares of stock of ANS were cancelled and new stock certificates were issued to the Nardiellos.

Plaintiff subsequently sent the Nardiellos a statement for legal services rendered for $113,476.62, including disbursements. The Nardiellos paid plaintiff to the extent of $29,250, prompting the commencement of this action. In responding to plaintiff's action, the Nardiellos denied that the retainer was fully performed, asserting that plaintiff abandoned representation by failing to proceed with an action for damages and sought reimbursement of sums paid or, in the alternative, that Supreme Court set plaintiff's fee in quantum meruit (see Judiciary Law § 475). Following plaintiff's unsuccessful motion for summary judgment (260 AD2d 904 [1999], *supra*), and after a nonjury trial, Supreme Court issued an order, entered December 22, 2003, finding the retainer agreement to be inoperable and unenforceable. However, Supreme Court determined that plaintiff was entitled to a fee in quantum meruit. Both parties appeal from that order.

Thereafter, in response to a direction from Supreme Court, plaintiff submitted an itemized bill for services rendered and defendant submitted objections. Supreme Court issued an order, entered February 17, 2004, finding that plaintiff reasonably expended 235 hours in the course of its representation and, at $150 per hour, determined a total fee of $35,250. Adding disbursements and subtracting moneys already paid on account, the court found that plaintiff was entitled to $6,582.88 in quantum meruit. Plaintiff appeals from that order. A judgment upon those two orders was thereafter entered, from which both parties cross-appeal. Supreme Court also issued an order, entered June 4, 2004, awarding plaintiff interest on the judgment and denying both parties costs. The parties cross-appeal from that order as well.

Initially, we find no basis to disturb Supreme Court's rejection of the retainer agreement as a basis for plaintiff's request for fees. A clear and unambiguous retainer agreement will be enforced according to its terms (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). On the other hand, where, as in this matter, it has been determined that the retainer agreement is ambiguous, all ambiguities should be resolved by the trier of fact (260 AD2d 904, 906-907 [1999], *supra*). Here, following a full trial, Supreme Court made several factual findings resolving the retainer's ambiguity. For example, the court found that the "assets" of ANS sought to be recovered in the retainer agreement consisted of the radio stations, with FCC licenses, not simply the ANS stock certificates. Additionally, the court

found that, contrary to plaintiff's assertions, "in no sense can it be concluded that plaintiff, alone or even principally, 'caus[ed] the recovery of all assets of ANS.'" In this respect, the court found that, although acquisition of the stock certificates was a "key" factor, the efforts of the Cooper firm and the Tierney firm were integral and substantial in effecting the ultimate outcome (*see* 260 AD2d 904, 905-907 [1999], *supra*). The court found that the credible evidence established that the parties never intended to compensate plaintiff in an amount equal to one third of the value of the radio stations simply for obtaining the stock certificates. Finally, the court determined that the retainer was not fully performed inasmuch as plaintiff failed to initiate an action for damages against ANS and its shareholders.

Significantly, "while this Court's authority to review a nonjury verdict is broad, a trial court's resolution of credibility issues will be afforded deference" (*Precision Founds. v Ives*, 4 AD3d 589, 593 [2004]). Here, construing the retainer in a light "most favorabl[e] for the client" (*Shaw v Manufacturers Hanover Trust Co.*, 68 NY2d 172, 177 [1986]), and given the proof in the record supporting Supreme Court's findings, we find no basis to disturb the court's decision regarding the retainer agreement.

Next, we are unpersuaded by defendant's various arguments challenging Supreme Court's ruling that plaintiff was entitled to recover counsel fees pursuant to quantum meruit. While it is true that Supreme Court did ultimately find that plaintiff failed to fulfill its obligations under the retainer agreement, it appears that there was an honest disagreement as to the viability of a damages cause of action (*see* 235 AD2d 681, 685 [1997], *supra*). Accordingly, inasmuch as Judiciary Law §§ 474 and 475 codify the court's inherent authority to supervise and regulate the charging of legal fees, and inasmuch as plaintiff's voluntary withdrawal was not illicit, we find sufficient basis to conclude that plaintiff is entitled to its fee in quantum meruit (*see Klein v Eubank*, 87 NY2d 459, 463-464 [1996]).

Turning to plaintiff's challenge to the amount awarded in quantum meruit, we initially address plaintiff's contention that Supreme Court erred in not conducting a further hearing on the issue of its fee in quantum meruit. Defendant correctly notes that hearings are not required in all determinations of this nature (*see Ingber v Sabato*, 229 AD2d 884, 887 [1996], *lv dismissed* 88 NY2d 1064 [1996], *lv denied* 90 NY2d 808 [1997]). In this action, however, Supreme Court specifically stated in its December 22, 2003 order that if the parties, after written

submissions concerning the fees, did not stipulate to a disposition, a further "assessment" would be conducted. Moreover, in the February 17, 2004 order, detailing the court's final award, which was not based upon a stipulation, no mention was made as to why the assessment was not held. Under these circumstances, although we are mindful that this matter has been pending for an extensive amount of time, we deem it appropriate to remit the matter to allow the parties a further opportunity to be heard. In light of this determination, we find it unnecessary to address the parties' remaining arguments.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order entered December 22, 2003 is affirmed, without costs. Ordered that the orders entered February 17, 2004 and June 4, 2004 and the judgment are reversed, on the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.