DAVIS, Judge.
The Law Firm of Michael A. DeMayo ("Plaintiff") appeals from the trial court's 7 April 2016 order awarding it one dollar in attorneys' fees from Schwaba Law Firm ("Defendant") as a result of Plaintiff's legal services rendered on behalf of a client of Defendant's. On appeal, Plaintiff argues that the trial court erred in determining that the value of Plaintiff's services was only one dollar. After careful review, we affirm.
Factual and Procedural Background
On 22 December 2011, Joshua W. Beaver was riding in a taxi in Charlotte, North Carolina when another vehicle crashed into the taxi. Beaver was injured, transported to a local emergency room, and subsequently received medical treatment, including shoulder surgery.
On or about 20 December 2011, Beaver sought the legal services of Plaintiff in connection with his injuries incurred from the collision. That same day, Beaver signed a contract "agreeing that Plaintiff should receive for services rendered [one third] of any settlement award obtained." The fee agreement further provided that in the event Beaver terminated his contract with Plaintiff after an insurance carrier had made an offer of settlement, Beaver "would be responsible for 95% of Plaintiff's award had a settlement been reached."
Beaver's case was assigned to Wendy Davis, a paralegal working for Plaintiff, and her work was supervised by Michael A. DeMayo, an attorney. Plaintiff's employees worked on Beaver's case from December 2011 to June 2013. Although Plaintiff did not keep a record of the amount of time each attorney or paralegal spoke to or contacted the client, Beaver's file "had 232 'touches' [representing] the number of times the file was handled for any purpose."
On 28 June 2013, Beaver met with DeMayo and another attorney, Michael McGinley. During the meeting, DeMayo informed Beaver that he had received a settlement offer totaling $85,000 from Progressive Insurance Company. Beaver informed Plaintiff that he wanted to reject the proposed settlement. On 10 July 2013, Beaver terminated his contract with Plaintiff.
Beaver subsequently hired Defendant to represent him. In March 2014, Defendant received notification of a settlement offer of $100,000 from the insurance company. Beaver accepted this settlement offer. Upon learning that Beaver had accepted the settlement, Plaintiff notified Defendant of its claim for attorneys' fees, demanding 95% of the $85,000 settlement offer Plaintiff had reached for Beaver. However, Defendant refused to pay Plaintiff any portion of its attorneys' fee.
On 13 April 2015, Plaintiff filed a complaint in Mecklenburg County Superior Court, seeking recovery from Defendant on a theory of quantum meruit. On 26 May 2015, Defendant filed a motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(7) of the North Carolina Rules of Civil Procedure as well as an answer asserting several affirmative defenses.
A bench trial was held before the Honorable Tanya T. Wallace beginning on 2 February 2016. On 7 April 2016, the trial court entered an order awarding Plaintiff "the sum of $1.00." On 27 April 2016, Plaintiff filed a notice of appeal.
Analysis
"Quantum meruit is a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment." Crumley & Assocs., P.C. v. Charles Peed & Assocs., P.A. , 219 N.C. App. 615, 619, 730 S.E.2d 763, 766 (2012) (citation and quotation marks omitted). Where an attorney "has provided legal services pursuant to a contingency fee contract and is terminated prior to a resolution of the case and the occurrence of the contingency upon which the fee is based," the attorney "has a claim in quantum meruit to recover the reasonable value of those services from the former client [.]" Id. (citations omitted). In cases "where the entire contingent fee [was] received by the former client's subsequent counsel," the attorney can recover fees from the subsequent counsel. Id.
This Court has held that in determining whether to award attorneys' fees in this context on the basis of quantum meruit , the trial court should consider "inter alia , the terms of the percentage agreement, the nature of the litigation, difficulty of the case, time spent, amount of money involved, results achieved and amounts customarily charged for similar services in the same locality." Guess v. Parrott , 160 N.C. App. 325, 335, 585 S.E.2d 464, 471 (2003) (citation omitted). In addition, it is appropriate for the trial court to make findings regarding "the novelty and difficulty of the questions of law, the adequacy of the representation, the difficulty of the problems faced by the attorney, especially any unusual difficulties, and the kind of case ... for which the fees are sought and the result obtained." Id. at 336, 585 S.E.2d at 471 (citations, quotation marks, and brackets omitted). Additionally, "[t]he court may also in its discretion consider and make findings on the services expended by paralegals and secretaries acting as paralegals if, in the trial court's opinion, it is reasonable to do so." Id. (citations, quotation marks, and brackets omitted).
"[D]eterminations of the reasonable value of services rendered by an attorney, in situations such as the one before us, is the duty of the trial court, reviewable on appeal only for abuse of discretion." Guess , 160 N.C. App. at 332, 585 S.E.2d at 469. Under an abuse of discretion standard, "a trial court's ruling may be reversed only upon a showing that it was manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." Hammond v. Saini , 229 N.C. App. 359, 370, 748 S.E.2d 585, 592 (2013) (citation omitted), aff'd , 367 N.C. 607, 766 S.E.2d 590 (2014).
In the present case, Plaintiff argues that the trial court erred in awarding Plaintiff only one dollar. In its 7 April 2016 order, the trial court made the following pertinent findings of fact:
37) Based on the factors in [Guess ] for a quantum meruit reward [sic] the Court determines that:
a) The fee agreed upon by Plaintiff and by Defendant was 1/3 of the gross recovery; and Plaintiff and Client Beaver agreed that Plaintiff would recover 95% of the fee should an offer be made with Beaver thereafter terminating Plaintiff's services;
b) The nature of the litigation was personal injury;
c) The case itself was not difficult and there was no unusual difficulty faced by counsel;
d) There is no accounting of time spent, or amounts customarily charged "per hour" for similar services.
e) Plaintiff's representation was adequate and the services of secretaries and paralegals at plaintiff's firm were reasonable.
f) Defendant obtained a gross reward of $100,000.00 for Client Beaver; $15,000.00 more tha[n] had Plaintiff.
g) Defendant settled fully all medical claims against Beaver before a settlement was finalized.
h) Defendant's work resulted in a satisfied client while Plaintiff's did not.
38) Although Plaintiff performed substantial legal services for Client Beaver by collecting records, preparing a packet and soliciting an offer of settlement, Plaintiff has offered this Court no means to determine an amount of award pursuant to quantum meruit.
Based on these findings of fact, the trial court made the following conclusions of law:
1) Plaintiff has proven by the greater weight of the evidence that Plaintiff performed services and Defendant was the beneficiary of some part of such services.
2) Plaintiff has failed to prove by the greater weight of the evidence the amount to which it is entitled to recover.
As a result of those conclusions, the trial court ordered Defendant to pay Plaintiff the sum of one dollar.
Plaintiff's sole argument is that the trial court erred in calculating the amount of fees to which it was entitled based on the theory of quantum meruit. However, Plaintiff does not argue that the trial court failed to properly articulate the factors set out in Guess. Nor does it contend that any specific finding of fact made by the trial court was unsupported by competent evidence. Instead, Plaintiff makes a blanket assertion that the trial court "ignored competent evidence of record upon which it could have assigned a value to Plaintiff's services based upon a percentage allocation of the contingency fee."
Because Plaintiff has failed to specifically challenge any of the trial court's findings of fact, they are binding on appeal. See Koufman v. Koufman , 330 N.C. 93, 97-98, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." (citations omitted)). Of particular significance is Plaintiff's failure to specifically challenge Finding of Fact No. 38. In that finding-as quoted above-the trial court determined that Plaintiff had "offered this Court no means to determine an amount of award pursuant to quantum meruit."
Thus, in light of the fact that the trial court used the appropriate factors in evaluating Plaintiff's quantum meruit claim and that Plaintiff has failed to specifically challenge any of the court's findings of fact, we cannot say that the trial court abused its discretion in awarding Plaintiff the sum of one dollar. Accordingly, we affirm the court's 7 April 2016 order.
Conclusion
For the reasons stated above, we affirm.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge McCULLOUGH concur.